Mr. Irvin S. Cowie Polk County Attorney Post Office Box 60 Bartow, Florida 33830
Dear Mr. Cowie:
This is in response to your request for an Attorney General Opinion on the following questions:
 1. WHERE A TAX CERTIFICATE FOR UNPAID AD VALOREM TAXES IS SOLD, AND AN EXCESS OF FUNDS FROM THAT SALE RESULTS OVER THE STATUTORY BID OF THE CERTIFICATE HOLDER AND THE AMOUNT NECESSARY FOR PAYMENT OF GOVERNMENT LIENS, MAY AN HEIR OF A PERSON TO WHOM THE PROPERTY WAS ASSESSED ON THE TAX ROLL FOR THE YEAR IN WHICH THE PROPERTY WAS LAST ASSESSED (s 197.256[1][a]6, F.S.) ASSERT A CLAIM TO THE EXCESS FUNDS?
 2. WHERE AN OUT-OF-STATE HEIR OF A QUALIFIED CLAIMANT UNDER s 197.256(1)(a)1 THROUGH 6, F.S., ASSERTS A CLAIM TO EXCESS FUNDS, MAY THE BOARD OF COUNTY COMMISSIONERS REQUIRE THE HEIR TO ESTABLISH THROUGH ANCILLARY PROBATE PROCEEDINGS HIS RIGHT TO THE CLAIM AS A CONDITION PRECEDENT TO RELEASING THE FUNDS?
 3. WHERE A CLAIMANT WITH SECONDARY PRIORITY UNDER s 197.256, F.S., FILES A CLAIM BEFORE ANY CLAIMANT WITH PARAMOUNT PRIORITY WITHIN THE STATUTORILY-PRESCRIBED TIME LIMITS, MUST THE BOARD OF COUNTY COMMISSIONERS DEFER PAYMENT OF THE CLAIM UNTIL AFTER THE TIME LIMIT HAS EXPIRED TO PROTECT THE INTERESTS OF PARAMOUNT CLAIMANTS?
 4. WHERE A CLAIM IS MADE UNDER s 197.256, F.S., AND ASSIGNED TO A NON-INTERESTED THIRD PARTY, MUST THE BOARD OF COUNTY COMMISSIONERS ISSUE THE FUNDS TO THE THIRD PARTY, OR MAY THE BOARD RESTRICT PAYMENT TO ONLY THE CLAIMANT?
A number of your questions are phrased in terms of the duties and responsibilities of the board of county commissioners under s 197.256, F.S. Section 197.256, F.S., is in pari materia with and must be considered with s 197.291, F.S. These sections prescribe the duties of the clerk of the circuit court with regard to notification of tax deed sales and the disbursement of proceeds of a tax deed sale and do not expressly or impliedly prescribe or impose any duties or responsibilities on the board of county commissioners. Although s 197.186, F.S., which is referred to and incorporated by reference in s 197.291(2), F.S., provides for two year limitation or barring of all claims to unclaimed excess proceeds, neither section imposes any duties on the board of county commissioners regarding the retention and distribution of the balance of undistributed funds from a tax deed sale as discussed herein. Therefore, no consideration is given to the provisions of s 197.186, F.S., as incorporated by reference in s 197.291(2), F.S., since it is the latter section (which prescribes the duties of the clerk of circuit court in the retention and distribution of the balance of undistributed funds from a tax deed sale) which is relevant to your inquiry.
Pursuant to s 195.002, F.S., the Department of Revenue is charged with supervision over property tax collection and all other aspects of the administration of such taxes. Such supervision is to consist of aiding and assisting county officers in assessing and collecting these taxes. The Department of Revenue is authorized pursuant to s 195.027(1), F.S., to prescribe reasonable rules and regulations for the assessment and collection of taxes to be followed by the property appraisers, tax collectors, clerks of the circuit court and property appraisal adjustment boards. As is clearly stated by these statutory provisions, it is the duty and responsibility of the Department of Revenue to assist county officers, including the clerk of circuit court, with regard to the collection and administration of such taxes. This opinion is issued in the absence of any rules or regulations of the Department of Revenue addressing the matters discussed herein and in an effort to provide guidance until the promulgation of such rules or regulations by the department. Further questions in this regard should be submitted initially to the Department of Revenue.
QUESTION ONE
For purposes of your first and second questions I must assume that your use of the term "heir" is coextensive with the definition of "beneficiary" in s 731.201(2), F.S., which provides inter alia that "`[b]eneficiary' means heir at law, in an intestate estate; devisee, in a testate estate;" and that, unless otherwise noted, the persons referred to are Florida residents.
Section 197.291, F.S., sets forth provisions governing the disbursement of proceeds from a tax deed sale. Relative to your inquiry, subsection (2) in pertinent part states that "[i]f, after all liens of record of the governmental units upon the property are paid in full, there remains a balance of undistributed funds, the balance of the purchase price shall be retained by the clerk [of the circuit court] for the benefit of the persons described in s. 197.256(1)(a), as their interests may appear." (e.s.) As prescribed by s 197.256(1)(a), F.S., the persons for whose benefit the clerk is to retain the excess proceeds of sale are: 1) any legal titleholder of record; 2) any lienholder of record who has recorded a lien against the property described in the tax certificate; 3) any mortgagee of record; 4) any vendee of a recorded contract for deed, or if the contract is not recorded, any vendee who has applied to receive notice pursuant to s 197.072(2), F.S.; 5) any other lienholder who has applied to receive notice of the tax deed sale, and 6) any person to whom the property was assessed on the tax roll for the year in which the property was last assessed, if the address of such person or entity as described in (1) through (6) appears on the record of conveyance of the affected lands, recorded contract for deed, recorded lien, recorded mortgage or, in the case of an unrecorded contract for deed or nonrecord lienholder, if proper application to receive notice pursuant to s 197.072(2), F.S., is made or an address is supplied to the tax collector. No *2832 mention of the retention of the excess proceeds of a tax deed sale for the benefit of a beneficiary or heir of any of the persons described in s 197.256(1)(a), F.S., is made in that section or s 197.291(2), F.S.
Section 733.608, F.S., of the Florida Probate Code (Chs. 731-735, F.S.), which broadly outlines the general power of a personal representative of a decedent's estate states that:
 All real and personal property of the decedent . . . within this state and the rents, income, issues, and profits from it shall be assets in the hands of the personal representative:
 (1) For the payment of devises, debts, family allowance, estate and inheritance taxes, claims, charges, and expenses of administration.
(2) To enforce contribution and equalize advancement.
(3) For distribution.
A "personal representative" is defined in s 731.201(25), F.S., to mean the fiduciary appointed by the court to administer the estate and refers, inter alia, to both an administrator and an executor as well as an ancillary administrator or executor. Further, s733.612(3), F.S., authorizes the personal representative, without order of court, to "[r]eceive assets from fiduciaries or other sources." And see generally, 18 Fla.Jur.2d Decedents' Property ss 556, 558, 562.
Subject to the statutory provisions cited above, it would appear that any personal property of a decedent including monies retained by the clerk for the benefit of the decedent pursuant to ss 197.291(2) and 197.256(1)(a), F.S., would constitute assets of the decedent to be paid over to and received by the personal representative of the decedent's estate for payment of the decedent's debts and for distribution to the decedent's heirs and beneficiaries. But see, Parts I and II, Ch. 735, F.S., making provision for family and summary administration, respectively, which do not require or necessitate the appointment of a personal representative to administer such estates; s 735.107(3)(b), F.S., authorizing and empowering persons holding property of the decedent to comply with an order of family administration by paying, delivering or transferring to those persons specified in the order the parts of the decedent's estate assigned to them by the order and s 735.206(3)(b), F.S., making identical provision for delivering or transferring property of a decedent pursuant to an order of summary administration; and s 735.301, F.S., providing for the disposition of certain personal property without administration.
In sum, it is my opinion that a beneficiary (or heir at law) of a decedent for whom excess proceeds of a tax deed sale are retained by the clerk of the circuit court pursuant to s 197.291(2), F.S., is not authorized (in the absence of an order of family administration under Part I, Ch. 735, F.S., or an order of summary administration under Part II, Ch. 735, F.S., or a letter or other writing under seal of the court under s 735.301, F.S.) to assert a claim to such excess proceeds of sale (or estate assets) prior to completion of the probate or administration of the decedent's estate as provided by law or appropriate court order. Rather, such excess proceeds constitute personal property and assets of the decedent's estate which are to be paid or delivered to and received for payment of the decedent's debts and/or distribution to the decedent's heirs or beneficiaries by the appropriate court-appointed personal representative or fiduciary of the decedent.
QUESTION TWO
I will assume for purposes of your second question that both the beneficiary and the decedent are residents of a foreign jurisdiction.
I would note that s 197.256(1)(a), F.S., addresses the duties and responsibilities of the clerk of the circuit court and does not expressly or impliedly authorize the board of county commissioners to take any action in this regard.
As concluded in question one, personal property of a decedent, including excess proceeds of a tax deed sale, retained by the clerk for the benefit of the decedent pursuant to ss 197.291(2) and 197.256(1)(a), F.S., represents assets of the decedent's estate to be paid over to and received by the court-appointed personal representative of the decedent for payment of the decedent's debts and/or distribution to the heirs or beneficiaries of the decedent.
However, with regard to estate assets present in this state which are the property of a foreign decedent, a personal representative deriving authority from a court in a foreign jurisdiction would have no right to exercise his or her official functions over property present in this state in the absence of any authority to do so under Florida law. If an executor or administrator is permitted to exercise any control over property beyond the foreign jurisdiction or to make any disposition of such property, authority to do so must come from the statutes of the state in which the property is located or must be permitted by comity. See generally, 18 Fla.Jur.2d Decedents' Property s 684. Therefore, a foreign personal representative would have no authority to receive estate assets (excess proceeds of tax deed sale) located in this state for purposes of probate or administration of the decedent's estate and distribution of the assets thereof without statutory authority to do so.
Chapter 734, F.S., makes provision for ancillary administration, i.e., that administration of a decedent's estate which is granted in pursuance of the laws of a government other than that of the decedent's domicil, for the collection and disposition of property left by the decedent within that jurisdiction. See generally, 18 Fla.Jur.2d Decedents' Property s 684. Pursuant to s 734.102(1), F.S.,
 If a nonresident of this state dies leaving assets in this state, credits due him from residents in this state, or liens on property in this state, a personal representative specifically designated in the decedent's will to administer the Florida property shall be entitled to have ancillary letters issued to him, if qualified to act in Florida. Otherwise, the foreign personal representative of the decedent's estate shall be entitled to have letters issued to him, if qualified to act in Florida. If the foreign personal representative is not qualified to act in Florida and the will names an alternate or successor who is qualified to act in Florida, the alternate or successor shall be entitled to have letters issued to him. Otherwise, those entitled to a majority interest of the Florida property may have letters issued to a personal representative selected by them who is qualified to act in Florida. If the decedent dies intestate and the foreign domiciliary personal representative is not qualified to act in Florida, the order of preference for appointment of a personal representative as prescribed in this code shall apply. . . .
Pursuant to subsection (6) of this section, ancillary personal representatives have the same rights, powers and authority as other personal representatives in Florida. See, ss 733.608 and733.612, F.S., discussed herein, regarding the powers of a personal representative. Clearly then, Florida statutory law authorizes a personal representative of a nonresident decedent's estate to perform his or her official functions with regard to property of the decedent located in this state through ancillary administration. Cf., s 734.101(4), F.S., authorizing persons in possession of personal property of a decedent's estate who have received no written demand from a personal representative or curator appointed in this state for delivery of the property to deliver the personal property to the foreign personal representative after the expiration of 60 days from the date of his or her appointment. In addition to the provisions discussed herein regarding ancillary administration, the provisions of Part I, Ch. 735, F.S., regarding family administration, Part II, Ch.735, F.S., dealing with summary administration and s 735.301, F.S., providing for the disposition of certain personal property without administration, may apply authorizing or empowering the debtors of a decedent and those holding property of the decedent to comply with the order of family administration, order of summary administration or letter or other writing under the seal of the court by paying, delivering, or transferring property of the decedent to those whom such order or letter or other writing specifies. See, ss 735.107(3)(b), 735.206(3)(b), and 735.301, F.S.
Therefore, I would conclude that in order to exercise his or her powers as a personal representative over property in this state, such as excess proceeds from a tax deed sale, a personal representative of a nonresident decedent must proceed through ancillary administration as prescribed by Ch. 734, F.S., in the absence of an order of family or summary administration under Part I or Part II, Ch. 735, F.S., or a letter or other writing under the seal of the court under s 735.301, F.S.
Further, payment of any such excess funds to the personal representative of a decedent by the clerk of circuit court would be appropriate only when and if a determination is made that the decedent's claim to such funds is superior to that of other statutorily prescribed claimants.
QUESTION THREE
Your third question specifically concerns the priority of payment available to those persons listed in s 197.256(1)(a), F.S., who have applied for the "balance of the purchase price" or surplus proceeds of the tax deed sale "retained by the clerk for the benefit of [such persons], as their interests may appear," after any recorded government liens have been satisfied. Other than specifying that the excess proceeds are to be held by the clerk for the benefit of the designated persons "as their interests may appear" (which does not appear to refer to the priority of claims, see, 4 Words and Phrases As His Interest May Appear p. 538, As Interest May Appear p. 540; 22 Words and Phrases Interest May Appear p. 241), the statute itself does not establish any priority of payment for distribution of the funds to those persons listed who have applied for the excess proceeds of the sale.
The Department of Revenue is currently drafting an administrative rule (tentatively designated Rule 12D-13.65, F.A.C.) providing for the disbursement of proceeds of a tax deed sale, establishing priorities of payment, prescribing procedures for the clerk of circuit court in notifying persons who may have a claim to such funds and setting time limits for making such claims. Therefore, consideration of your third question should be deferred until this rule is adopted and promulgated by that department. Upon publication of such rule, any questions concerning the priority of claims and payments under the provisions of s 197.291(2), F.S., and the rule adopted thereunder, should be submitted to the Department of Revenue by the clerk of the circuit court.
QUESTION FOUR
Section 197.291(2), F.S., provides in pertinent part that "[i]f, after all liens of record of the governmental units upon the property are paid in full, there remains a balance of undistributed funds, the balance of the purchase price shall be retained by the clerk for the benefit of the persons described in s. 197.256(1)(a), as their interests may appear." As discussed herein, the persons described in s 197.256(1)(a), F.S., include the legal titleholder of record of such property, any lienholder of record who has recorded a lien against the described property, any mortgagee of record, any vendee under a recorded contract for deed or, if the contract is not recorded, any vendee who has properly applied to receive notices of the sale, any other lienholder who has applied to the tax collector to receive notice if an address is supplied to the collector, and any person to whom the property was assessed on the tax roll for the year in which the property was last assessed, if the address of such person or entity appears on the record of such recorded conveyance, contract, mortgage or lien or, in the case of an unrecorded contract or other lienholder, if application is made by the vendee of the unrecorded contract to the tax collector to receive notice pursuant to s 197.072(2), F.S., or an address is supplied to the tax collector by such lienholder.
The term "assignment" is defined to mean "[a] transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein. . . ." Black's Law Dictionary 109 (5th ed. 1979). A general discussion of assignments states that the word in its most general sense refers to the transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right in such property. 6A C.J.S. Assignments s 2. Further, unless an assignment is qualified in some way, it is properly the complete transfer of the whole thing granted or of a completed transfer of the entire interest of the assignor in the particular subject matter. Id. at p. 591. An assignment is the act by which one person transfers to another or causes to vest in another his or her right of property or interest in such property. 4 Fla.Jur.2d Assignments s 1. In sum, if a claim made to the excess proceeds of a tax deed sale pursuant to s 197.291, F.S., were duly assigned to a noninterested third party, the claimant's entire right to or interest in such property would pass to the assignee. I am not aware of, nor have you brought to my attention, any statutory restriction or prohibition against such a transfer or the payment of a claim to such excess proceeds which has been duly assigned.
Therefore, it is my opinion that, if a noninterested third party has been given a legal assignment, payment of a claim under s 197.291(2), F.S., may be made to the assignee based on the priority of such claim.
In sum, it is my opinion until otherwise provided by the Legislature or authorized implemental rule or judicial determination:
 1) An heir or beneficiary of a decedent for whom excess proceeds of a tax deed sale are retained by the clerk of the circuit court pursuant to ss 197.291(2) and 197.256(1)(a), F.S., is not authorized (except as provided in Part I, Ch. 735, F.S., or Part II, Ch. 735, F.S. or s 735.301, F.S.) to assert a claim to such excess proceeds of sale (or estate assets) prior to the completion of probate or administration of the decedent's estate as provided by law or appropriate court order. Rather, such excess proceeds constitute personal property and assets of the decedent's estate which are to be paid or delivered to and received by the appropriate court-appointed personal representative or fiduciary for payment of the decedent's debts and/or distribution to the decedent's heirs or beneficiaries.
 2) In order to exercise his or her powers as a personal representative over a decedent's property in this state, such as excess proceeds of a tax deed sale retained by the clerk of circuit court for the benefit of a decedent pursuant to ss 197.291(2) and 197.256(1)(a), F.S., a personal representative of a nonresident decedent must proceed through ancillary administration as prescribed by Ch. 734, F.S., in the absence of an order of family administration pursuant to Part I, Ch. 735, F.S., or an order of summary administration pursuant to Part II, Ch. 735, F.S., or a letter or other writing under the seal of the court under s 735.301, F.S.
 3) Any excess proceeds of a tax deed sale should be distributed by the clerk of the circuit court as provided in rules now in the process of being adopted and promulgated by the Department of Revenue, and any questions concerning the priority of claims and payments under the provisions of s 197.291(2), F.S., and the rules adopted and promulgated thereunder, should be submitted to the Department of Revenue by the clerk.
 4) A claim to the excess proceeds of a tax deed sale pursuant to s 197.291(2), F.S., which is duly assigned to a noninterested third party, conveys the *2835 claimant's entire right to or interest in such proceeds or property to the assignee and payment of such claim under s 197.291(2), F.S., may be made to the assignee based on the legal priority of the claim.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General